## OTIS SPEARS v. STATE.

No. A-6800. Opinion Filed September 28, 1929.
(281 Pac. 167.)

Freeling & Box, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Otis Spears was convicted in the county court of Oklahoma county of the offense of carrying firearms at a public gathering and sentenced to pay a fine of $50 and to be imprisoned in the county jail for a period of three months.

The prosecution is based on section 1997, Compiled Oklahoma Statutes 1921. The sole contention urged in

this case is that the evidence is insufficient to sustain the conviction. In the trial court the defendant moved for a directed verdict, which motion was overruled, and exceptions reserved.

It appears that Otis Spears is a negro, and that on the 25th day of January, 1927, he carried a pistol to a public gathering, to wit, a public dance which was being held in a place known as Slaughter's Dance Hall, located at the intersection of East Second and Stiles streets in Oklahoma City.

It is admitted that Spears carried this gun up to that place. The defense interposed is purely technical; it being urged that the evidence discloses only the fact that he carried the pistol into the vestibule leading into the dance hall and not into the dance hall proper. The evidence shows that this vestibule was a small room where the person stayed who took the tickets of entrants into the room where the dancing was engaged in, and that it was adjoining such room with the door open between them and used as a part of said hall.

J. K. Wright testified as follows for the state:

"Q. Did he tell you that he went into the dance hall with his gun? A. Yes, sir; and that the negro didn't attack him."

Deck Fuller testified as follows for the state:

"Q. What was on the third floor? A. Dance hall.

"Q. Anything but the dance hall? A. That is all.

"Q. When a man is on the third floor he is in the dance hall. That is all that is up there? A. Yes, sir."

There is a conflict between the evidence of the state and of the defendant as to whether the vestibule was

actually part of the dance hall and as to whether the carrying of the pistol into the vestibule constituted a carrying of it into the dance hall, thus violating section 1997, C. O. S. 1921, which prohibits the carrying of a weapon into a public gathering.

The evidence of Wright and Fuller was sufficient to justify the jury in finding the defendant guilty of carrying the pistol into a public gathering.

This court has so often held that, where there is a conflict in the evidence, and where there is any competent evidence in the record supporting the verdict of the jury, this court will not reverse the case for insufficiency of the evidence, that it is not necessary to cite authorities in support of such rule.

There being sufficient evidence to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.